IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**GEORGE E. LEVELS,**

**Plaintiff,**

**v.**

**CANNONBALL EXPRESS, INC., d/b/a
CANNONBALL EXPRESS
TRANSPORTATION et al.,**

**Defendants.**                                              No. 05-CV-914-DRH

## ORDER

**HERNDON, District Judge:**

This matter comes before the Court on Applicant's Motion to Intervene Pursuant to Rule 24(a)(2). (Doc. 14). On its face, the instant matter seems appropriate for intervention pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 24(a)(2)**, which grants intervention as of right when the Applicant " claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

Applicant is Liberty Mutual, the Insurance Carrier for Plaintiff's employer. Liberty Mutual has paid and continues to pay workers' compensation benefits to Plaintiff. **820 Ill. Comp. Stat. 305/5** grants Liberty Mutual an interest related to the outcome of this action. Furthermore, as of this date, the parties in the instant matter have not responded to the Motion. Pursuant to **LOCAL RULE 7.1(g)**,

the Court considers this failure an admission of the merits of the motion.[1] Accordingly, the Court **GRANTS** Applicant's Motion to Intervene (Doc. 14). Applicant will now be referred to as "Plaintiff-Intervenor." Parties are directed to provide Liberty Mutual notice of any and all proceedings in this case. Furthermore, now that Applicant's Motion to Intervene has been granted, Liberty Mutual's Complaint to Intervene and to Protect Lien (Doc. 15) is deemed **FILED *INSTANTER***.

**IT IS SO ORDERED.**

Signed this 20th day of September, 2006.

/s/        David   RHerndon
**United States District Judge**

---

[1] "A party opposing such a motion shall have **ten (10) days** after service of the motion to file a written response. Failure to file a timely response to a motion may, in the court's discretion, be considered an admission of the merits of the motion." LOCAL RULE **7.1(g)**.