IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**GEORGE E. LEVELS,**

    Plaintiff,

**LIBERTY MUTUAL INSURANCE CO.,**

    Intervening Plaintiff,

v.

**CANNONBALL EXPRESS, INC.,
CANNONBALL EXPRESS TRANSPORTATION
CO., LLC, and CANNONBALL EXPRESS
TRANSPORTATION, LLC,**

    Defendants.                             Case No. 05-cv-914-DRH

## ORDER

**HERNDON, District Judge:**

In this Order, the Court raises *sua sponte* the issue of whether it has subject matter jurisdiction over this case. ***See Wisconsin Knife Works v. National Metal Crafters,* 781 F.2d 1280, 1282 (7th Cir. 1986)("The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged."); *McCready v. White,* 417 F.3d 700, 702 (7th Cir. 2005)("Ensuring the existence of subject matter jurisdiction is the court's first duty in every lawsuit.")**. This case was removed from state court by

Defendants (Doc. 1) on the basis of diversity jurisdiction, pursuant to **28 U.S.C. § 1332**. Plaintiff did not seek a remand. Subsequently, Liberty Mutual Insurance Company filed a Motion to Intervene, which was granted. Upon a threshold review, the Court observes what may be a potential jurisdictional problem. "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." ***Ex parte McCardle*, 7 Wall. 506, 514 19 L. Ed. 264 (1868)**; ***Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 94 (1998)**. In fact, federal courts are "obliged to police the constitutional and statutory limitations on their jurisdiction" and should raise and consider jurisdictional issues regardless of whether the matter is ever addressed by the parties to the suit. ***See Kreuger v. Cartwright*, 996 F.2d 928, 930-31 (7th Cir. 1993)**; ***Kanzelberger v. Kanzelberger*, 782 F.2d 774, 777 (7th Cir. 1986)**. Moreover, the party invoking federal jurisdiction bears the burden of demonstrating that the jurisdictional requirements have been met. ***Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997).**

The statute regarding diversity jurisdiction, **28 U.S.C. § 1332**, requires complete diversity between the parties plus an amount in controversy exceeding $75,000, exclusive of interest and costs. Complete diversity means that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." ***Howell v. Tribune Entertainment Co.*, 106 F.3d**

**215, 217 (7th Cir. 1997) (citations omitted)**. Under **28 U.S.C. § 1332(c)**, for the purpose of federal diversity jurisdiction, a corporation is deemed a citizen of both the state in which it is incorporated and the state where its principal place of business is located. ***Casio, Inc. v. S.M. & R. Co.*, 755 F.2d 528, 529 (7th Cir.1985)**. "The citizenship for diversity purposes of a limited liability company, however, despite the resemblance of such a company to a corporation (the hallmark of both being limited liability), is the citizenship of each of its members." ***Wise v. Wachovia Securities, LLC*, 450 F.3d 265, 267 (7th Cir. 2006)(collecting cases);** *see also Commonwealth Ins. Co. v. Titan Tire Corp.*, **398 F.3d 879, 881 n.1 (7th Cir. 2004)(citing** *Belleville Catering Co. v. Champaign Market Place, LLC*, **350 F.3d 691, 692 (7th Cir. 2003))**. As such, unincorporated business entities, such as limited partnerships ("LP") or limited liability companies ("LLC") "are [more appropriately] analogized to partnerships . . . ." ***Belleville Catering Co.*, 350 F.3d at 692 (citing** *Carden v. Arkoma Associates*, **494 U.S. 185, 110 S. Ct. 1015 (1990))**. Thus, the Seventh Circuit deems an LLC a citizen "of every state of which any member is a citizen." ***Id.* (citing** *Cosgrove v. Bartolotta*, **150 F.3d 729 (7th Cir.1998))**.

In this suit, it appears that two of the Defendants are alleged to be LLC's.[1] Yet, in his Complaint (initially filed in the Circuit Court of St. Clair County,

---

[1] However, in Defendants' Notice of Removal (Doc. 1), it is stated that one of the two Defendants, Cannonball Express Transportation Co., LLC, is not a valid legal entity and therefore, does not actually exist (Doc. 1, ¶ 5).

Illinois) Plaintiff only alleged the citizenship of defendant Cannonball Express, Inc. Thereafter, in the Notice of Removal based upon diversity jurisdiction, Defendants failed to properly plead the citizenship of all the members comprising the existing LLC. Instead, they merely state "[d]efendant Cannonball Express Transportation , LLC was . . . a limited liability company organized and existing under the laws of the State of Nebraska, and having its chief and principal business in the State of Nebraska . . ." (Doc. 1, ¶ 5). Further, Liberty Mutual, in its Intervening Complaint, also does not establish the citizenship of the defendant LLC in order to conclusively establish diversity jurisdiction. The parties' failure to properly plead the citizenship of the LLC places into question whether the citizenship between the parties is completely diverse. Until this has been properly plead, the Court must approach this case as if jurisdiction does not exist. Along these lines, consequently, the Court does not have the authority to "consider the merits of a case over which it is without jurisdiction."[2]  **Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 379 (1981)**.

---

[2] The Court notes that, in this case, there was a pending Joint Motion to Consolidate for Purposes of Discovery and to Amend Scheduling Order (Doc. 24), filed by plaintiff-interveor Liberty Mutual and defendants Cannonball Express, Inc. and Cannonball Express Transportation, LLC. The parties have sought to consolidate this matter with two other like matters, *Jack Cooper Transport Co., Inc. v. Cannonball Express, Inc..*, No. 06-cv-306-DRH and *Devese v. Levels*, No. 06-cv-524-WDS, for purposes of discovery, adopting the scheduling order of the most recently-filed case, *Devese v. Levels*. However, because there are jurisdictional deficiencies regarding this matter, as well as *Jack Cooper Transport Co., Inc. v. Cannonball Express, Inc.*, the Court cannot consider consolidation of discovery until it is assured that it has proper subject matter jurisdiction over all three cases. (The remaining case, *Devese v. Levels*, does not appear to have this jurisdictional deficiency.) Further, should these two matters show diversity jurisdiction exists, the Court will then consider the issue, as the allegations for all three matters appear to arise from the same core of operative facts, which, incidentally, suggests consolidation for trial may be a future likelihood.

While the Court does not affirmatively find that diversity jurisdiction between the parties does *not* exist, because it remains uncertain, it is therefore not properly established. As a result, the parties asserting diversity jurisdiction, Defendants and Liberty Mutual, are hereby **ORDERED** to submit a **JURISDICTIONAL BRIEF** addressing the issue of the citizenship of the LLC that is a party to this suit. This brief(s) shall be filed by **April 16, 2007**. Further, should Defendants fail to timely file said Jurisdictional Brief or fail to seek an extension of time, the Court will then instruct the Clerk to remand the case for lack of subject matter jurisdiction.

**IT IS SO ORDERED**.

Signed this 29th day of March, 2007.

/s/      David   RHerndon
**United States District Judge**