IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**GEORGE E. LEVELS,**

**Plaintiff,**

**LIBERTY MUTUAL,**

**Plaintiff-Intervenor**

**v.**

**CANNONBALL EXPRESS, INC.,
d/b/a CANNONBALL EXPRESS
TRANSPORTATION, et al.,**

**Defendants.**                                                                 Case No. 05-cv-914-DRH

<u>**ORDER**</u>

**HERNDON, District Judge:**

Pursuant to the Court's April 18, 2007 Order (Doc. 31) directing Plaintiff-Intervenor Liberty Mutual to file a second jurisdictional brief, Liberty Mutual has submitted a Second Jurisdictional Memorandum (Doc. 32), in order to demonstrate that complete diversity exists between the parties and to establish diversity jurisdiction under **28 U.S.C. § 1332**. Particularly of concern was the fact that the citizenship of the defendant LLCs had not been properly pled. The Seventh Circuit deems an LLC a citizen "of every state of which any member is a citizen." ***Belleville Catering Co. v. Champaign Market Place, LLC*, 350 F.3d 691, 692 (7th Cir. 2003)(citing *Cosgrove v. Bartolotta*, 150 F.3d 729 (7th Cir.1998))**.

Reviewing Liberty Mutual's second jurisdictional brief (Doc. 32), the

Court notes that Liberty Mutual has alleged that one LLC – Cannonball Express Transportation Co., LLC, does not exist (Doc. 32, ¶ 2). Cannonball Express Transportation, LLC, however, is alleged to be comprised of members Bruce Meyers and Jon Meyers. Plaintiff further alleges both LLC members are "citizens of Nebraska" (*Id*. at ¶ 3). Plaintiff substantiates these jurisdictional allegations with Exhibits A and B. Exhibit A is a letter, dated April 9, 2007, from Cannonball Express Transportation, LLC's attorney to Plaintiff's attorney. This letter was also submitted with Liberty Mutual's First Jurisdictional Memorandum (Doc. 30, Ex. A), but the Court found jurisdiction of the members not properly established as the letter stated that Bruce Meyers and Jon Meyers are "*residents* of Nebraska" (Doc. 30, Ex. A)(emphasis added). This would not suffice as the exhibit does not substantiate Liberty Mutual's allegations of citizenship. Residency is not the same, under the law, as citizenship. **See *Simon v. Allstate Employee Group Medical Plan*, 263 F.3d 656, 658 n.1 (7th Cir. 2001)(citations omitted)("An allegation of residency, however, is insufficient to establish diversity jurisdiction.")**. Plaintiff now offers Exhibit B, a letter dated April 20, 2007, from Cannonball Express Transportation, LLC's attorney to Liberty Mutual's attorney, which correctly states that Bruce and Jon Meyers are both *citizens* of Nebraska (Doc. 30, Ex. B). Thus, the requirements of complete diversity of citizenship are now adequately established and this matter may proceed.

Finding that it has proper subject matter jurisdiction over this case, the

Court now turns to the parties' Joint Motion to Consolidate for Purposes of Discovery and to Amend Scheduling Order (Doc. 24). The parties seek to consolidate this matter with two other like matters, *Cooper v. Cannonball Express, Inc.*, No. 06-cv-306-DRH-DGW and *Devese v. Levels*, No. 06-cv-524-WDS-CJP, for purposes of discovery, adopting the scheduling order of the most recently-filed case, *Devese v. Levels*. Similar motions to consolidate have also been filed in the other two cases. Examining the parties' Joint Motion and the allegations stated in the Complaints for the three actions, the Court finds that consolidation of discovery is appropriate under **FEDERAL RULE OF CIVIL PROCEDURE 42(a)**, as it appears all three matters aries from the same core of operative facts. Thus, consolidation of at least the discovery would aid in judicial economy and hopefully aid in avoiding substantial duplication of the parties' efforts. Further, allowing the parties to adopt the scheduling order entered in *Devese v. Levels*, Case No. 06-cv-524-WDS-CJP, appears to be the most logical manner to consolidate these three cases for purposes of discovery. Accordingly, the Joint Motion to Consolidate for Purposes of Discovery and to Amend Scheduling Order is **GRANTED** (Doc. 24). Any additional discovery matters shall be filed under this case, which is the earliest-filed case. Therefore, Magistrate Judge Proud shall consider all future requests made by the parties to amend the scheduling order.

    **IT IS SO ORDERED**.

    Signed this 30th day of April, 2007.

/s/       David   RHerndon
**United States District Judge**